**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MARVIN L. EASON,                              )
                                             )
      Plaintiff,                      )
                                             )
    vs.                                   )    Case No. 1:26-cv-00072-MTS
                                             )
AMY KOBELSKI TRUEBLOOD, *et al.*,            )
                                             )
      Defendants.                     )

**MEMORANDUM AND ORDER**

This matter is before the Court on review of *pro se* Plaintiff Marvin L. Eason's various motions for preliminary injunctive relief, including: two motions for Temporary Restraining Order ("TRO"), Docs. [3] and [11], and a Motion for Preliminary Injunction, Doc. [2]. Because each Motion is baseless, the Court will deny them.[1]

## I.    Background

This matter arises out of a state-court criminal action against Plaintiff in the Circuit Court of Cape Girardeau County. *See State v. Eason*, No. 25CG-CR02064 (Mo. Cir. Ct.).[2] Until recently, the Honorable Amy Kobelski Trueblood presided over the case. *Id.*; *see* Doc. [1] at 2, 4. A review of the state-court file shows that Plaintiff is charged with Criminal Nonsupport for allegedly failing to pay his child-support obligations. *See*

---

[1] The Court will also deny Plaintiff's Motion for Recusal, Doc. [5], as well as his Motion for an Expedited Hearing on his Motion for Temporary Restraining Order, Doc. [12].

[2] Federal courts may take judicial notice of public state-court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005); *see also Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 935 n.7 (8th Cir. 2014) (explaining that "federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue").

Information in a Misdemeanor Case, *State v. Eason*, No. 25CG-CR02064 (Mo. Cir. Ct. Nov. 21, 2025).  Judge Trueblood held an in-person hearing on January 05, 2026.  But because Plaintiff failed to appear as ordered, she issued a warrant for his arrest and set a $500 cash bond.  *Compare* Criminal Setting Scheduled, *State v. Eason*, No. 25CG-CR02064 (Mo. Cir. Ct. Dec. 18, 2025), *with* Warrant for Arrest (Failure to Appear), No. 25CG-CR02064 (Mo. Cir. Ct. Jan. 5, 2026).  After Plaintiff was arrested and posted his $500 bond, he certified that he would attend his next court proceeding.  *See* Bond Agreement, *State v. Eason*, No. 25CG-CR02064 (Mo. Cir. Ct. March 9, 2026).  But Plaintiff failed to appear for that one too, and Judge Trueblood consequently issued another warrant, set a $1,000 cash bond, revoked his previous $500 bond, and set a May 11, 2026, bond forfeiture hearing.  *See* Order, *State v. Eason*, No. 25CG-CR02064 (Mo. Cir. Ct. Apr. 6, 2026).

Against that backdrop, Plaintiff filed this action against Judge Trueblood and two unnamed circuit court employees.  Doc. [1].  According to Plaintiff, the above criminal matter "ended by operation of law" on December 19, 2025, when he executed and filed in his criminal case three documents available from the U.S. General Services Administration ("GSA"): a bid bond, a performance bond, and a payment bond.  Doc. [1] at 2; *see also* Doc. [1-6] (Plaintiff's completed GSA forms).  According to Plaintiff, the state court's jurisdiction evaporated because 40 U.S.C. § 3133(b)(3)(B) ("the Miller Act") gives federal courts "exclusive subject matter jurisdiction over any action arising from or relating to the GSA bonds" that Plaintiff filed.  Doc. [1] at 2.  And because the circuit court "accepted

- 2 -

said bonds" when Plaintiff filed them, his criminal prosecution is now one that relates to a GSA bond, so the circuit court no longer has jurisdiction over it. *Id.* at 3.

As Plaintiff tells it, the hearings that Judge Trueblood scheduled and the warrants that she issued are without legal effect. Plaintiff filed several motions in his criminal case based on this legal theory, including a motion to dismiss, a motion to quash the corresponding warrant, and a motion to return his bond. *Id.* at 4. Two days later, on March 06, 2026, Judge Trueblood "denied all of Plaintiff's motions without hearing, without findings of fact, and without legal analysis." *Id.* Plaintiff contends that Judge Trueblood's conduct—including the issuance of a failure-to-appear warrant on April 06, 2026—is retaliatory, especially in light of the judicial complaint that he has filed against her. *Id.* On April 09, 2026, Plaintiff was arrested pursuant to the warrant that Judge Trueblood issued. Doc. [11] at 2. Plaintiff posted the $1,000 cash bond and learned that he was required to appear before Judge Trueblood on Monday, April 13, 2026. *Id.* But before that hearing could take place, Judge Trueblood recused herself, and Plaintiff's criminal matter was reassigned to the Honorable Alan Beussink. *See* Certification to Presiding Judge for Assignment, *State v. Eason*, No. 25CG-CR02064 (Mo. Cir. Ct. Apr. 10, 2026). The April 13, 2026, hearing is now cancelled, and Judge Beussink scheduled the next court proceeding for May 21, 2026. *See* Notice of New Court Date, *State v. Eason*, No. 25CG-CR02064 (Mo. Cir. Ct. Apr. 10, 2026).

Based on the foregoing, Plaintiff seeks a TRO that (1) stays the April 13, 2026, and May 11, 2026, hearings scheduled in his criminal case, (2) prohibits Judge Trueblood from taking any action in his criminal case, (3) prohibits the Cape Girardeau County Sheriff and

- 3 -

"all Missouri law enforcement from enforcing any warrant issued" after the date that he filed his GSA bond documents, and (4) orders that Plaintiff "is not required to appear at the April 13 state court hearing, and that any failure to appear shall not be grounds for additional warrants, sanctions, or bond forfeiture." Doc. [3] at 2; Doc. [11] at 4. Plaintiff asks the Court to issue the TRO without notice pursuant to Federal Rule of Civil Procedure 65(b)(1). His Motion for Preliminary Injunction seeks similar relief but on a broader scale. *See* Doc. [2] (asking the Court to stay "all proceedings" in Plaintiff's criminal case, quash all warrants, and order the return of his $500 cash bond).

## II.     Legal Standard

Preliminary injunctive relief is an extraordinary remedy. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). Whether a court renders that relief via temporary restraining order or preliminary injunction, the standard is the same. *Id.* Courts consider four factors when determining whether preliminary injunctive relief should issue: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other [litigants]; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The key question is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* "[T]he burden of establishing the propriety of an injunction is on the movant." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citation omitted).

- 4 -

Additional considerations apply where, as here, the movant seeks to enjoin state-court criminal proceedings.  Under the *Younger* abstention doctrine,[3] federal courts "should not interfere in state criminal court proceedings when state and federal law provide adequate legal remedies and when intervention needlessly threatens the principle of comity."  *Smith v. Bacon*, 699 F.2d 434, 437 (8th Cir. 1983) (citing *Bonner v. Cir. Ct.*, 526 F.2d 1331, 1335 (8th Cir. 1975)).  More broadly, federal courts should abstain "when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding."  *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010).  Abstention is not warranted, however, "if there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'"  *Id.* at 893 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

### III.    <u>Discussion</u>

Here, Plaintiff contends that he faces irreparable harm by being subject to baseless criminal proceedings.  He asks the Court to halt the April 13, 2026, hearing because it is retaliatory in nature, and it is designed to prevent him from, and punish him for, pursuing his federal civil rights action.  *Id.* at 2–3.  The problem for Plaintiff is that his legal arguments are meritless, so—even assuming for a moment that his contentions establish one of the exceptions to *Younger* abstention above—Plaintiff has neither established a

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

likelihood of success on the merits nor irreparable harm sufficient to grant him the extraordinary relief he seeks.

Contrary to Plaintiff's dogged assertions, the GSA documents that he filed in his criminal case do not disturb the circuit court's jurisdiction over his criminal prosecution. Plaintiff cites to several provisions in the Miller Act, but whatever their effect in proper cases, those provisions plainly apply only to bonds for public contractors working on public buildings or other public works.  *See* 40 U.S.C. § 3131(a), (b) (defining the relevant contractors and bonds).  A cursory review of the "bonds" that Plaintiff executed and filed shows that these provisions do not apply to him.  *See, e.g.*, Doc. [1-4] (setting forth the case number of his criminal prosecution as the relevant "contract number").  More importantly, filing such a bond in a criminal case does not, as Plaintiff asserts, vest a federal court with "exclusive jurisdiction" over that prosecution.  Doc. [1] at 3.  Plaintiff's contention lacks any basis in law and is frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

That Plaintiff would execute and file these documents to frustrate the progress of his criminal case is plainly improper.  Indeed, the GSA warns individuals that the relevant bonds are "intended for use by government contractors and contracting personnel for compliance with and management of financial security requirements in Federal Government contracts. Any other use is void of purpose." *See, e.g.*, GSA, Performance Bond: Information, https://www.gsa.gov/reference/forms/performance-bond (April 10, 2026) [https://perma.cc/5N8N-M6BJ].  In short, Plaintiff's decision to file "bonds" in his criminal case on December 19, 2025, had no legal effect.  Therefore, the irreparable harm

that Plaintiff asserts is, in fact, no "harm" at all.  His criminal prosecution proceeds against him in state court as normal, subject to the safeguards that due process requires.  And, incidentally, the court proceedings that he seeks to enjoin are an integral part of those safeguards. *United States v. Ritchie Special Credit Invs.*, 620 F.3d 824, 835 (8th Cir. 2010) (describing the "opportunity to be heard" as a "fundamental requirement of due process").[4]

## IV.    Conclusion

In sum, Plaintiff has failed to show that preliminary injunctive relief is warranted here.  Because the Court finds that a hearing is unnecessary to resolve Plaintiff's Motions, the Court will deny Plaintiff's request for a hearing.  *See United States v. Myers*, 503 F.3d 676, 682 (8th Cir. 2007) ("The district court has broad discretion in deciding whether to hold a hearing.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Marvin L. Eason's Motion for Preliminary Injunction, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Marvin L. Eason's Motion for Temporary Restraining Order, Doc. [3], is **DENIED**.

---

[4] Plaintiff's retaliation arguments also miss the mark where, as here, "the facts set forth in his pleadings show an adequate non-retaliatory motive" for Judge Trueblood's actions, namely, Plaintiff's failure to appear at a scheduled court proceeding and the frivolous nature of his legal arguments. *See Green v. Warden, Fed. Corr. Inst. Englewood, Colo.*, 936 F.2d 582 (10th Cir. 1991) (table decision); *see also* Doc. [1] at 4 (explaining that Plaintiff did not appear for a scheduled criminal proceeding).  In other words, Plaintiff's allegations on their face provide "a far more likely—indeed 'obvious'—alternative explanation of [Judge Trueblood's] actions . . . ." *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 376 (8th Cir. 2017) (Loken, J., concurring in part and dissenting in part).

**IT IS FURTHER ORDERED** that Plaintiff Marvin L. Eason's Motion's for Temporary Restraining Order, Doc. [11], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Marvin L. Eason's Motion for Emergency Hearing, Doc. [12] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff Marvin L. Eason's Motion for Recusal, Doc. [5], is **DENIED**.

Dated this 15th day of April 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE