**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN L. EASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-CV-0072-CMS |
| | ) | |
| AMY KOBELSKI TRUEBLOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Judge Amy Kobelski Trueblood's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 41) and Plaintiff Marvin L. Eason's Motion for Expedited Discovery to Identify Doe Defendants (Doc. 4). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**, Plaintiff's Motion for Expedited Discovery is **DENIED**, and this case is **DISMISSED** with prejudice.

## BACKGROUND

On July 28, 2026, Defendant Trueblood filed a Motion to Dismiss Counts I, II, IV, and V of Plaintiff's Second Amended Complaint for failure to state a claim. (Doc. 41). The remaining count, Count III, is aimed at two unnamed John/Jane Doe Defendants, who are court employees alleged to have perpetrated a fraud on the Circuit Court of Cape Girardeau County. (Doc. 31).

On July 30, 2026, rather than opposing Defendant's Motion to Dismiss, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss and to Compel Answer on the ground that a motion to dismiss is not a "responsive pleading," and Defendant must file an

answer to Plaintiff's Second Amended Complaint. (Doc. 43). This Court rejected Plaintiff's argument. (Doc. 44). Plaintiff then filed a Motion for Entry of Clerk's Default, again on the basis that Defendant's Motion to Dismiss is not a responsive pleading. (Doc. 45). The Clerk of Court also rejected Plaintiff's argument. (Doc. 46).

Plaintiff has not otherwise responded to Defendant Trueblood's Motion to Dismiss, and the deadline to do so has long since passed. Therefore, the Court recently ordered Plaintiff to show cause why the case should not be dismissed with prejudice. (Doc. 47). In response, Plaintiff stands on the same arguments in his Motions to Strike and for Default already rejected by this Court. (Doc 48). He adds only: "Dismissal with prejudice is not warranted. Plaintiff's Second Amended Complaint contains specific factual allegations supported by documentary exhibits. It satisfies the pleading standard of Rule 8(a)(2)." (Doc. 48 at 2) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

**DISCUSSION**

Plaintiff's Response to the Order to Show Cause is wholly inadequate, Plaintiff has failed to dispute Defendant's Motion to Dismiss, and the Motion to Dismiss is granted.

Generally speaking, when a plaintiff fails to dispute the assertions in a motion to dismiss, that motion will be granted. *See Jireh Consulting, Inc. v. United States*, No. 4:04CV1649-DJS, 2005 WL 1474134, at *1 (E.D. Mo. June 16, 2005), *aff'd sub nom. Jireh Consulting v. Ross*, 192 F. App'x 563 (8th Cir. 2006). Here, Plaintiff has not addressed Defendant's substantive arguments for dismissing Plaintiff's Second Amended Complaint and, instead, continues to rely on an obviously unmeritorious procedural argument. (Doc.

48). Defendant Trueblood's Motion to Dismiss Counts I, II, IV, and V of Plaintiff's Second Amended Complaint is granted.

Regarding Count III, Plaintiff's Motion to Expedite Discovery is futile, and therefore is denied. In that count, Plaintiff alleges fraud by two unnamed court employees for making an incorrect docket entry. (Doc. 31 at 4). Even according to Plaintiff's Second Amended Complaint, Doe Defendants subsequently corrected the docket entry. (Doc. 31 at 4).

The alleged actions of Doe Defendants are clerical tasks to which either judicial or quasi-judicial immunity applies. Filing entries on the docket is "integral" to the judicial process, and court employees are therefore protected by judicial immunity when engaging in such tasks. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989); *see also Boyer v. Cnty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (applying quasi-judicial immunity for clerical tasks even when full judicial immunity does not apply). Even if immunity did not apply, Plaintiff has failed to allege any of the elements of fraud as required by Missouri law. *See, e.g., Tension Envelope Corp. v. JBM Envelope Co.*, 876 F.3d 1112, 1118 (8th Cir. 2017). Therefore, Plaintiff's Motion to Expedite Discovery is denied as futile.

While dismissing a case without identifying John/Jane Doe defendants is disfavored, it is permitted when identification of the defendants would not change the legal analysis. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). A district court may dismiss a case *sua sponte* when it is "patently obvious the plaintiff could not prevail based

on the facts alleged in the complaint." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *see also Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 938 (8th Cir. 2012).

Here, it is patently obvious that Plaintiff cannot prevail based on the facts alleged in Count III of his Second Amended Complaint. Therefore, Count III is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Trueblood's Motion to Dismiss Counts I, II, IV, and V (Doc. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Marvin L. Eason's Motion for Expedited Discovery to Identify Doe Defendants (Doc. 4) is **DENIED** as futile.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice.

An order of dismissal will accompany this Memorandum and Order.

The Clerk of Court is directed to close the case.

Dated this 24thth day of September, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE