**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN L. EASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-CV-0072-CMS |
| | ) | |
| AMY KOBELSKI TRUEBLOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Marvin L. Eason's Motion to Alter or Amend Judgment. (Doc. 51). For the reasons stated below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

In its Order of September 24, 2026, (Doc. 49), this Court dismissed the only remaining count of Plaintiff's Second Amended Complaint, Count III, against two John/Jane Doe Defendants. Count III alleged that two unnamed court officers perpetrated a fraud on the court.[1] (Doc. 31). The entirety of Plaintiff's claim in Count III was that a docket entry was made bearing Plaintiff's name as the filer; he did not make the entry; he informed the county circuit court clerks that he did not make the entry; and the clerk removed his name from the entry. (Doc. 31 at 4). Plaintiff also offered the legal conclusions that the clerks' actions were "fraudulent" and a "cover-up." (Doc. 31 at 4, 10).

---

[1] Plaintiff's actual basis for the claim is unclear. He characterizes the allegation as "fraud upon the court," (Doc. 31 at 10), and a "fraudulent docket entry," (Doc. 31 at 4). He also lists the elements of fraudulent misrepresentation in connection with this Count, (Doc. 51 at 3).

This Court concluded that a court clerk's filing entries on the docket is clerical work integral to the judicial process and that court employees are therefore entitled to either judicial immunity or quasi-judicial immunity in such circumstances. (Doc. 49 at 3). Alternatively, the Court observed that Plaintiff failed to allege the elements of fraud, which must be pleaded with particularity. (Doc. 49 at 3–4); Fed. R. Civ. P. 9(b). Accordingly, the Court dismissed Count III against the Doe Defendants and denied Plaintiff's Motion for Expedited Discovery to Identify Doe Defendants, (Doc. 4), as futile. (Doc. 49 at 4).

Now, Plaintiff contends this Court committed manifest error by *sua sponte* dismissing count III and by denying his Motion for Expedited Discovery to Identify Doe Defendants. (Doc. 51).

**DISCUSSION**

Plaintiff's arguments in his Motion to Alter Judgment are patently incorrect.

As this Court already has concluded, maintaining the docket is an integral part of the judicial process and court employees have immunity for these clerical tasks. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989); *see also Boyer v. Cnty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (applying quasi-judicial immunity for clerical tasks even when full judicial immunity does not apply). This immunity applies to civil fraud, though not criminal conduct. *Vargas v. Long*, No. 10-4231-CV-C-NKL, 2012 WL 692972, at *7 (W.D. Mo. Feb. 29, 2012) (noting that judicial immunity and quasi-judicial immunity are tort law doctrines).

In his Second Amended Complaint, Plaintiff apparently attempted to plead civil fraud. (Doc. 31 at 4). Plaintiff confirms as much in his Motion to Alter Judgment, in

which he explicitly lists the elements of *civil* fraudulent misrepresentation. (Doc. 51 at 3). Nowhere in the Second Amended Complaint or the Motion to Alter Judgment does Plaintiff allege anything approaching criminal conduct by court employees. Because plaintiff does not allege criminal conduct, the Doe Defendant court employees are entitled to immunity, as this Court already has decided.

Even if the Doe Defendant court employees were not entitled to immunity, Plaintiff did not allege the elements of a civil fraud claim in his Second Amended Complaint. Allegations of fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). As Plaintiff states in his instant Motion, the elements of civil fraudulent misrepresentation in Missouri are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Tension Envelope Corp. v. JBM Envelope Co.*, 876 F.3d 1112, 1118 (8th Cir. 2017).

Contrary to Plaintiff’s argument that the Second Amended Complaint alleged each of the elements of fraudulent misrepresentation, (Doc. 51 at 3), the barebones allegations in Count III of the Second Amended Complaint came nowhere close to satisfying the heightened pleading standard of Rule 9(b). Fed. R. Civ. P. 9(b). Taking every allegation in the Second Amended Complaint as true, the Court concludes that Plaintiff altogether failed to allege the elements of: materiality, the speaker’s knowledge of falsity, the speaker’s intent, the hearer’s ignorance, the hearer’s reliance, and the hearer’s consequent

and proximately caused injury. It is not even clear from the Second Amended Complaint who the "hearer" would be in this case.

As even the cases on which Plaintiff relies point out, this Court has the authority to dismiss futile and frivolous claims. *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). The Court may even dismiss futile claims before all Doe Defendants are identified if it is patently obvious that Plaintiff cannot prevail. *Munz v. Parr*, 758 F.2d 1254, 1258, 1259 (8th Cir. 1985); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *see also Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 938 (8th Cir. 2012).

Plaintiff's Count III failed because it is barred by immunity. Even if immunity did not apply, Plaintiff failed to sufficiently allege fraudulent misrepresentation. That Plaintiff cannot prevail on Count III is patently obvious, and discovery to identify the Doe Defendants would be futile. Therefore, this Court did not err by dismissing Plaintiff's Count III and denying the Motion to Expedite Discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Marvin L. Eason's Motion to Alter or Amend Judgment (Doc. 51) is **DENIED**.

Dated this 30th day of September 2026.



CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE